IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC.; SONY/ATV SONGS LLC d/b/a SONY/ATV ACUFF ROSE MUSIC; SANGERDEE MUSIC; PEERMUSIC III LTD; LOST BOYS MUSIC; FAME PUBLISHING COMPANY LLC; SONGS OF EMCHANT; TYLER JOSEPH MUSIC LLC d/b/a STRYKER JOSEPH MUSIC; WARNER-TAMERLANE PUBLISHING CORP., <br><br> Plaintiffs, <br><br> v. <br><br> STEPHEN CLARK, an individual d/b/a OLD FOUNTAIN TAVERN, <br><br> Defendant. | CIVIL ACTION NO. _____ <br><br> **COMPLAINT** |

Plaintiffs, by their attorneys, for their Complaint against Defendant, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

## JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

51429005 v1

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of Delaware. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in 20.6 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Sony/ATV Songs LLC is a limited liability company doing business as Sony/ATV Acuff Rose Music. This Plaintiff is a copyright owner of at least one of the songs in this matter.

6. Plaintiff Sangerdee Music is a sole proprietorship owned by Tracy Dee Shafer. This Plaintiff is a copyright owner of at least one of the songs in this matter.

7. Plaintiff Peermusic III Ltd. is a limited company. This Plaintiff is a copyright owner of at least one of the songs in this matter.

8. Plaintiff Lost Boys Music is a sole proprietorship owned by James Richard Steinman.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

9. Plaintiff Fame Publishing Company LLC is a limited liability company.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

10. Plaintiff Songs of Emchant is a sole proprietorship owned by Michael Jason Isbell.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

11. Plaintiff Tyler Joseph Music LLC is a limited liability company doing business as Stryker Joseph Music.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

12. Plaintiff Warner-Tamerlane Publishing Corp. is a corporation.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

13. Defendant Stephen Clark operates, maintains, and controls an establishment known as Old Fountain Tavern (the "Establishment"), located at 1250 Auburn Road, Suite 101, Dacula, GA 30019, in this district.  In connection with the operation of this business, Defendant publicly performs musical compositions and/or causes musical compositions to be publicly performed.

14. Defendant Stephen Clark is an individual with responsibility for the operation and management of the Establishment.

15. Defendant Stephen Clark has a direct financial interest and the ability to supervise the activities of the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

16. Plaintiffs repeat and reallege each of the allegations contained in Paragraphs 1 through 15.

17. Since April 2019, BMI has reached out to the Defendant over forty (40) times, by phone, mail, and email, in an effort to educate the Defendant as to his obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire. Included in the letters were Cease and Desist Notices, providing the Defendant with formal notice that he must immediately cease all use of BMI-licensed music in the Establishment.

18. Plaintiffs alleges six (6) claims of willful copyright infringement, based upon the Defendant's unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against the Defendant.

19. Annexed to this Complaint as **Exhibit 1** and incorporated herein is a schedule (the "Schedule") identifying some of the many musical compositions whose copyrights were infringed by the Defendant. The Schedule contains information on the six (6) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

20. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

21. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and

received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

22. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2.  For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

23. For each work identified on the Schedule, on the date(s) listed on Line 7, the Defendant publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so.  Thus, the Defendant has committed copyright infringement.

24. The specific acts of copyright infringement alleged in the Complaint, as well as the Defendant's entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage.  By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, the Defendant threatens to continue committing copyright infringement.  Unless this Court restrains the Defendant from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendant, his agents, servants, employees, and all persons acting under his permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendant be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendant be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

Respectfully submitted, this 17th day of August, 2023.

*/s/ Joseph H. Stuhrenberg*
Joseph H. Stuhrenberg
Georgia Bar No. 398537
jstuhrenberg@burr.com

*Counsel for Plaintiffs*

**BURR & FORMAN LLP**
171 Seventeenth Street, NW
Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244